UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUNO (PKC), USA,

                    Plaintiff,

      -against-                                         25-CV-5120 (LTS)

CONSTANTIN FILM, USA, GERMANY;                          ORDER
HIGHLIGHT COMMUNICATIONS AG;
SWITZERLAND; UNKNOWN UNNAMED
ASSOCIATES,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On June 18, 2025, Plaintiff, who appears *pro se*, filed a complaint, an application for

leave to proceed *in forma pauperis* ("IFP") and a motion to proceed under a pseudonym. (ECF 1-

3.) By order dated December 1, 2025, the Court denied the motion to proceed under a

pseudonym for the following reasons:

> Plaintiff's submissions do not show that they[1] should be granted leave to proceed
> under a pseudonym. Plaintiff asserts what appears to be an intellectual property
> claim, and states that the subject of their work relates to unspecified "personal
> medical information," and they "fear" they may be subject to unspecified
> retaliation if their identity is revealed. Although Plaintiff's desire to be shielded
> from public scrutiny is understandable, their allegations of a potential for
> retaliation or negative impact are vague and insufficient to overcome the
> presumption of public access to court documents. *Cf. Doe 1 v. Branca USA, Inc.*,
> No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022)
> (explaining that courts "have put weight on the right of the public to know the
> identity of the litigants," and the burden is on the party seeking to proceed
> pseudonymously to "rebut the presumption of public access.")

The Court therefore:

> denie[d] the motion to proceed under a pseudonym, and direct[ed] Plaintiff,
> within 30 days, to submit an amended complaint bearing their real name, address,
> and signature. Should this matter proceed, Plaintiff may move to redact filings

---

[1] Until otherwise instructed, the Court will use a neutral pronoun to refer to Plaintiff.

containing sensitive information, or ask the Court to limit public viewing of such documents. If Plaintiff does not wish to proceed in this matter under their real name, they may submit a letter asking the Court to voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)

(ECF 9 at 3.)

Plaintiff filed a request to proceed IFP and an amended complaint in their real name (ECF 11, 13), but thereafter filed, under their pseudonym, two motions objecting to the December 1, 2025 order, a "Motion To Answer Order Of Plaintiffs Partial Public and Financial Identity To Be Made Public For Case Continuance," and a "Motion For Defendants To Be Defaulted." (ECF 10, 12, 14-15.) Plaintiff challenges the denial of the motion to proceed under a pseudonym, again raising privacy concerns, and also appears to seek a default judgment against Defendants.

## DISCUSSION

The Court construes Plaintiff's submissions as objecting to the denial of the motion to proceed under a pseudonym. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (holding that courts are required to construe *pro se* submissions liberally and interpret them to raise the strongest claims they suggest). The Court denied Plaintiff's motion to proceed under a pseudonym because their generalized privacy concerns were "insufficient to overcome the presumption of public access to court documents." (ECF 9 at 3.) Nothing in Plaintiff's subsequent submissions suggest that the Court was incorrect in that determination. The Court has considered Plaintiff's objections, but adheres to its original decision denying the motion to proceed under a pseudonym. If Plaintiff wishes to proceed in this matter, they must do so publicly, under their real name.

The Court directs Plaintiff, within 30 days from the date of this order, to either: (1) move to voluntarily withdraw this action, should they choose not to proceed publicly with this action; or (2) notify the Court by letter that they wish to proceed publicly, under their real name. If

Plaintiff chooses to proceed publicly, all documents must be filed in their real name. The Court will then direct the Clerk of Court to add Plaintiff's real name to the docket, and the Court will substantively review the amended IFP application and amended complaint, and this matter will proceed consistent with the procedures of the Clerk's Office. If Plaintiff fails to respond within the time allowed or show good cause why they cannot comply, the Court will dismiss this action without prejudice.

To the extent Plaintiff seeks a default judgment, the Court denies that request as premature. Summonses have not issued, and Defendants have not been served with process under Rule 4 of the Federal Rules of Civil Procedure. *See, e.g.*, *Deptula v. Rosen*, 558 F. Supp. 3d 73, 86 (S.D.N.Y. 2021) ("[M]ailing a summons and complaint to a defendant—without more—is not good service under federal law, *see* Fed. R. Civ. P. 4(e)(2); 4(h)(1)(A), [or] under New York law, *see* CPLR §§ 308-311(a)."). Accordingly, the motion for a default judgment is denied without prejudice.

## CONCLUSION

The Court denies all pending motions, and the Clerk of Court is directed to terminate them.

The Court directs Plaintiff, within 30 days from the date of this order, to either: (1) move to voluntarily withdraw this action, should they choose not to proceed publicly with this action; or (2) notify the Court by letter that they wish to proceed publicly, under their real name. If Plaintiff chooses to proceed publicly, all documents must be filed in Plaintiff's real name. The Court will then direct the Clerk of Court to add Plaintiff's real name to the docket, and the Court will substantively review the amended IFP application and amended complaint, and this matter will proceed consistent with the procedures of the Clerk's Office. If Plaintiff fails to respond

within the time allowed or show good cause why they cannot comply, the Court will dismiss this matter without prejudice.

The motion for a default judgment is denied as premature, and the Court denies it without prejudice.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 5, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge