UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUNO (PKA), USA,

                Plaintiff,

        -against-

CONSTANTIN FILM, USA, GERMANY;
HIGHLIGHT COMMUNICATIONS AG,
SWITZERLAND; UNKNOWN UNNAMED
ASSOCIATES, CAPCOM, INC., JAPAN,

                Defendants.

25-CV-5120 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On June 18, 2025, Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP") filed a complaint and motion to proceed under a pseudonym. (ECF 1, 3.) By order dated December 1, 2025, the Court denied the motion to proceed under a pseudonym. (ECF 9.) Plaintiff filed objections to the December 1, 2025 order. (ECF 10, 12, 14, 15.) On May 5, 2026, the Court denied those motions and directed Plaintiff, within 30 days from the date of that order to "either: (1) move to voluntarily withdraw this action, should they choose not to proceed publicly with this action; or (2) notify the Court by letter that they wish to proceed publicly, under their real name." (ECF 16.) The Court explained that if

> Plaintiff chooses to proceed publicly, all documents must be filed in Plaintiff's real name. The Court will then direct the Clerk of Court to add Plaintiff's real name to the docket, and the Court will substantively review the amended IFP application and amended complaint, and this matter will proceed consistent with the procedures of the Clerk's Office. If Plaintiff fails to respond within the time allowed or show good cause why they cannot comply, the Court will dismiss this matter without prejudice.

(*Id.*)

Between May 18, 2026, and May 20, 2026, Plaintiff filed four motions objecting to the December 1, 2025 order and the May 5, 2026 order, and an addendum. (ECF 17-21.) The Court

liberally construes these submissions as a motion for reconsideration under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)). A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

The Court denies the motion seeking reconsideration of the December 1, 2025 order as untimely, because Plaintiff failed to file the motion within 14 days of the order.

The Court denies the motion seeking reconsideration of the May 5, 2026 order, because nothing in their filings suggest that the Court overlooked controlling law or factual matters that had been previously put before it.

The Court grants Plaintiff an extension of time to comply with the May 5, 2026 order. The Court directs Plaintiff to comply with the May 5, 2026 order within 30 days from the date of this order. If Plaintiff fails to comply within the time allowed or show good cause why they cannot comply, the Court will dismiss this matter without prejudice.

No further extensions of time will be granted.

The Court will not entertain any further motions until Plaintiff timely complies with the May 5, 2026 order.

The Clerk of Court is directed to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 27, 2026
            New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge